FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ DEC 2 1 2005 ★

P.M. _____
TIME A.M. _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

RUBEN GONZALEZ,

                Plaintiff,

   -against-

DEPARTMENT OF VETERANS
AFFAIRS,

                Defendant.
------------------------------------------------------------x

**MEMORANDUM AND ORDER**
**05-CV-5437 (SLT)**

**TOWNES**, United States District Judge:

    Plaintiff brings this action pro se, alleging that defendant wrongfully denied his disability claim. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, but dismisses the complaint for the reasons stated below.

    Although unclear, it appears that plaintiff brings the instant action alleging that in June 2005, defendant improperly denied his compensation claims for post traumatic stress disorder and hearing loss. See Department of Veterans Affairs Rating Decision dated June 7, 2005 and Letter from Department of Veterans Affairs dated July 11, 2005, annexed to complaint. It appears that plaintiff seeks review of that decision.

## DISCUSSION

    Decisions by the Department of Veterans Affairs ("VA", formerly "Veterans Administration") concerning benefits are not open to judicial review in this Court. 38 U.S.C. § 7292(c); Pappanikoloaou v. Adm'r of Veterans Admin., 762 F.2d 8, 9 (2d Cir. 1985) (per curiam). It is well-settled that the language of 38 U.S.C. § 511(a) (formerly § 211(a)) removes

1

the United States District Courts' jurisdiction to entertain this type of suit.

Section 511(a) provides that:

> the decision of the Secretary [of Veterans' Affairs] as to any such question [of law or fact] shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise.

See also Sugrue v. Derwinski, 26 F.3d 8, 11 (2d Cir. 1994) (holding that the language of § 511 prevented the district court from exercising subject matter jurisdiction over plaintiff's claims against the VA). Section 511(b) provides for judicial or official review of a Secretary's decisions only if the action concerns:

(1) matters subject to section 502 of this title;[1]
(2) matters covered by sections 1975 and 1984 of this title;[2]
(3) matters arising under chapter 37 of this title;[3] and
(4) matters covered by chapter 72 of this title.[4]

The instant complaint does not allege facts which would place it within any of the exceptions set forth in § 511(b). Therefore, § 511(a) bars review by this Court of the VA's determination of plaintiff's eligibility for benefits, and thus this Court lacks subject matter jurisdiction over the instant complaint.

The Veterans' Judicial Review Act ("VJRA"), Pub. L. No. 100-687, 101 Stat. 4105 (1988), provides the exclusive appellate process for review of veterans' claims for benefits.

---

[1] Section 502 relates to judicial review of administrative rules and regulations, but § 502 review is available only in the Court of Appeals for the Federal Circuit. Sugrue, 26 F.3d at 10.

[2] Sections 1975 and 1984 relate to civil actions regarding life insurance.

[3] Chapter 37 relates to housing and small business loans.

[4] Chapter 72 relates to decisions by the Court of Veterans' Appeals, which has exclusive jurisdiction to review decisions of the Board of Veterans' Appeals. See discussion infra in text.

2

Under the VJRA, after the Secretary of Veterans' Affairs makes an initial decision on the award of benefits, it may be appealed to the Board of Veterans' Appeals within one year of the Secretary's decision. 38 U.S.C. §§ 7104-05. The Board's decision constitutes the Secretary's final decision which may then be appealed to the Court of Veterans' Appeals. 38 U.S.C. § 7252(a). Decisions of the Court of Veterans' Appeals may also be appealed, but only to the Federal Circuit. 38 U.S.C. § 7292(a). Plaintiff cannot pursue relief from the VA's decision to deny him benefits in this Court.[5]

## CONCLUSION

For the reasons set forth above, the case is dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. Coppedge v. United States, 269 U.S. 438, 444-45 (1962).

SO ORDERED.

SANDRA L. TOWNES
United States District Judge

Dated: Brooklyn, New York
November 28, 2005

---

[5] Plaintiff is advised that he must file his appeal with the Board of Veterans' Appeals within one year from the Department of Veterans Affairs decision dated July 11, 2005. The Court notes that plaintiff should refer to the Department of Veterans Affairs "Your Rights To Appeal Our Decision" instruction sheet attached to plaintiff's complaint for detailed instructions on filing his appeal.

3